**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANIELA VIEIRA MARIM,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Field Office Director, et al.,<br><br>Respondents. | Civil Action No. 26-cv-13088-PBS |

**ORDER**

August 19, 2026

Saris, J.

Petitioner Daniela Vieira Marim ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of her immigration detention. The Court previously ordered the government to provide Petitioner with a bond hearing in immigration court that complies with the due process standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). At the hearing, the immigration judge denied Petitioner's request for release on bond. He found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on her pending criminal charges for assault and battery on a household member, assault and battery with a dangerous weapon, and malicious damage to property. He also found Petitioner to pose a flight risk.

Petitioner now moves to enforce this Court's order, arguing that her bond hearing did not comport with the First Circuit's holding that due process requires the government to prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence to justify a noncitizen's detention. See Hernandez-Lara, 10 F.4th at 41. The government responds that "Petitioner should first exhaust her administrative remedies by appealing the Immigration Judge's decision to the" Board of Immigration Appeals ("BIA"). Dkt. 14 at 2. Yet as this Court has previously held, a noncitizen "need not exhaust an appeal to the BIA" before bringing a due process challenge of this sort "given the irreparable harm caused by [the] allegedly unlawful and ongoing detention." Cuzco Ganzhi v. Moniz, No. 26-cv-11478, 2026 WL 1194941, at *1 (D. Mass. May 1, 2026) (collecting cases).

Nonetheless, the Court denies Petitioner's motion on the merits. The Court's authority in reviewing Petitioner's due process challenge "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating he applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019));

see Miti v. Moniz, 827 F. Supp. 3d 206, 217 (D. Mass. 2026), appeal filed, No. 26-1655 (1st Cir. June 1, 2026).

The immigration judge in this case articulated the correct burden and standard of proof, so the question is whether the evidence cited by the immigration judge was sufficient to justify his decision to deny bond based on dangerousness or flight risk. The Court finds the evidence was sufficient as to dangerousness and, thus, need not address the issue of flight risk.

Here, the immigration judge considered Petitioner's criminal history. On July 1, 2026, Petitioner was charged with assault and battery on a household member, assault and battery with a dangerous weapon, and malicious damage to a motor vehicle. The charges are still pending. While there has been no conviction, the immigration judge reasoned that the charges were "both recent and serious in nature." Dkt. 13-1 at 4; see Miti, 827 F. Supp. 3d at 217-18 (explaining that "the immigration judge did not necessarily err by considering the fact of arrest and charge" even where the charge did not result in a conviction).

Petitioner also argues that the immigration judge failed to consider less restrictive alternatives to detention. At the bond hearing, Petitioner raised alternatives like GPS monitoring and ICE check-ins. The immigration judge did not expressly consider alternatives at the bond hearing or in his written decision. Given the serious, recent, and violent nature of the pending criminal

charges against Petitioner, however, the immigration judge's failure to expressly consider alternatives to detention was not so arbitrary as to offend due process.

Accordingly, the motion to enforce (Dkt. 13) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge